IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CRAIG STEVENS,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES, INC.,<br><br>　　　　　Defendant. | CV 25-10-H-KLD<br><br><br>ORDER |

　　　The parties have filed a joint motion to stay these proceedings pending a final ruling from the Montana Human Rights Commission ("HRC") in the related matter of *Stevens v. SkyWest Airlines, Inc.* Office of Administrative Hearings Case No. 625-20233. (Doc. 13). The parties request a stay pursuant to *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800 (1976), which allows a federal district court to stay proceedings in deference to parallel state court litigation in exceptional circumstances. *See Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 832 (9th Cir. 2023). Stays under the *Colorado River* doctrine "rest on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817 (internal question marks and citation omitted).

　　　"To decide whether a particular case presents the exceptional circumstances

1

that warrant a *Colorado River* stay or dismissal, the district court must carefully consider 'both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise.'" *R.R. Sreet & Soc. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 977-78 (9th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 818). The court must first determine whether the federal proceedings and any state proceedings are sufficiently parallel. *Ernest Bock*, 76 F.4th at 838. If the proceedings are parallel, the court must consider eight factors to determine whether a stay is satisfied:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Ernest Block*, 76 F.4th at 836 (quoting *R.R. Street*, 656 F.3d at 978-79).

For the reasons stated in the joint brief submitted by the parties (Doc. 13), the Court finds that these proceedings are sufficiently parallel to the state administrative proceedings to satisfy the threshold requirement for a *Colorado River* stay. The parties in this case and the Montana HRC matter are the same, the claims presented in each case stem from the same underlying facts, and the discrimination claims presented in each case substantially overlap. (Doc. 13 at 11-12).

The parties have further established that the remaining *Colorado River* factors weigh in favor of implementing a stay pending a ruling from the Montana HRC. This case does not involve any tangible physical property or rights to any property, and the parties do not raise any arguments relating to the inconvenience of the federal forum or forum shopping. Accordingly, the first, second, and seventh factors are neutral. The third factor—avoiding piecemeal litigation—weighs significantly in favor of a stay because, as argued by the parties, "the two cases are substantively identical, [and] there is a genuine risk of conflicting rulings and conflicting judgments, leading to an inequitable result for all parties." (Doc. 13 at 13). The fourth factor also weighs in favor of a stay because, as argued by the parties, substantial progress has been made in the Montana HRC proceedings. (Doc. 13 at 14). The fifth and sixth factors are essentially neutral and do not weigh against implementing a stay. If anything, the fifth arguably weighs slightly in favor of a stay because, as asserted by the parties, the Montana HRC has relied on federal law in its analysis and application of the Montana Human Rights Act, and implementing a stay will avoid contradictory rulings by different judicial and administrative bodies.  (Doc. 13 at 14-15).

Having balanced the relevant factors, and for the reasons detailed in the parties' joint brief in support of their motion for a stay,

**IT IS ORDERED** that the Joint Motion to Stay Proceedings (Doc. 12) is

**GRANTED,** and this case is stayed pending a written final ruling from the Montana HRC. The parties shall file a status report on before **November 14, 2025**, advising the Court as to the status of the state administrative proceedings.

**IT IS FURTHER ORDERED** that the preliminary pretrial conference scheduled for May 12, 2025, and all related deadlines are **VACATED**.

DATED this 5th day of May, 2025.

_____
Kathleen L. DeSoto
United States Magistrate Judge